IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff/Respondent,

vs.                                                       No. CV 16-01217 MCA/KK
                                                           No. CR 09-02258 MCA

BILL MELOT,

    Defendant/Movant.

## MEMORANDUM OPINION AND ORDER DISMISSING MOTION FOR AMENDED JUDGMENT AND ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on Movant Bill Melot's Motion for Amended Judgment and Sentence/New Trial, Correction of Restitution. (CV Doc. 1; CR Doc. 371) ("Motion"). The Court determines that the Motion is a successive 28 U.S.C. §2255 motion filed without Tenth Circuit authorization and dismisses the Motion for lack of jurisdiction. The Court also finds that Melot has a history of abusive pro se filings challenging his conviction and will order Melot to show cause why filing restrictions should not be imposed on him.

On August 11, 2009, Melot was indicted on 15counts of attempted interference with administration of the tax laws, attempt to evade taxes, willful failure to file, and false statements to the Department of Agriculture. (CR Doc. 2). In 2011, a jury convicted Melot on all counts. (CR Doc. 79). Melot was sentenced and final judgment was entered by the Court on September 6, 2011. (CR Doc. 208). Following a direct appeal, Melot was resentenced and an amended judgment was entered on February 21, 2014. (CR Doc. 310).

Melot filed his first § 2255 motion to vacate his sentence on September 23, 2014. (CR Doc. 316). In his motion, he raised issues of ineffective assistance of counsel. (CR Doc. 316).

The Court adopted the Magistrate Judge's Proposed Findings and Recommended Decision denying the motion. (CR Doc. 341, 351).  Final judgment was entered on the § 2255 motion on June 30, 2015. (CR Doc. 352).  Melot appealed to the Tenth Circuit Court of Appeals, which dismissed the appeal on October 19, 2015.  (CR Doc. 355, 362).  Melot then filed a second § 2255 motion on June 22, 2016 based on the United States Supreme Court's decision in *Johnson v. United States,* 135 S.Ct.2551 (2015). (CR Doc. 364).  The Court dismissed that motion for lack of jurisdiction because it was a second or successive § 2255 motion filed without Tenth Circuit authorization.  The Court also declined to transfer the motion to the Tenth Circuit because Melot would not be eligible for relief under *Johnson* and, therefore, could not establish the requirements for authorization to proceed on a second or successive § 2255 motion.  (CR Doc. 367, 368).

Melot then sought authorization from the Tenth Circuit to file a second or successive motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  He sought Tenth Circuit authorization to proceed on two grounds: (1) *Johnson v. United States,* 135 S.Ct.2551 (2015); and (2) "newly discovered evidence" in the form of a ruling in *United States v. Melot*, No. CV 09-00752 JCH/WPL relating to his tax liability and tax notices from the IRS regarding his unpaid restitution for the tax periods form 1987 to 1993.  (CR Doc. 370). The Tenth Circuit denied Melot leave to proceed with a second or successive § 2255 motion on either grounds. (CR Doc. 370).

Melot filed his current Motion for Amended Judgment and Sentence/New Trial, Correction of Restitution on October 28, 2016. (CV Doc. 1; CR Doc. 371).   Melot bases his Motion on the same ruling relating to his tax liability and tax notices from the IRS regarding his unpaid restitution that were rejected by Tenth Circuit.  (CV Doc. 1 at 2-3; CR Doc. 370 and Doc.

371 at 2-3). Melot claims to be proceeding pursuant to Fed. R. Crim. P. 33(b)(1) (requesting a new trial) and 36 (correcting clerical errors). (CV Doc. 1 at 1, Cr Doc. 371 at 1). Although he does not cite to 28 U.S.C. § 2255, however, the relief Melot seeks is an "order vacating the Sentence imposed and setting the matter for a New trial." (CV Doc. 1 at 5; Cr Doc. 371 at 5). The exclusive remedy for testing the validity of a judgment and sentence is the remedy provided for in 28 U.S.C. § 2255. *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996). The Court will construe Melot's Motion as a successive 2255 motion. *See, e.g., Peach v. United States,* 468 F.3d 1269, 1270 (10th Cir. 2006).

As Melot has been notified, Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Melot again does not have authorization from a court of appeals to proceed on his successive § 2255 motion and, instead, has filed in contravention of the Tenth Circuit's Order denying him leave to proceed. This Court lacks jurisdiction to consider his motion absent the requisite authorization. When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may

transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631.  *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008).

Applying *Cline,* the Court concludes that it is not in the interests of justice to transfer this matter to the Tenth Circuit.  In its Order denying Melot leave to proceed on a successive § 2255 motion, the Tenth Circuit stated:

> "This evidence also fails to satisfy § 2255(h)(1) because even
> 'if proven and viewed in light of the evidence as a whole,' it
> Would not be 'sufficient to establish by clear and convincing
> Evidence that no reasonable factfinder would have found
> [Melot] guilty of the offense.' 28 U.S.C. §2255(h)(1)."

(CR Doc. 370 at 4).  The Tenth Circuit has already considered and rejected Melot's asserted grounds as a basis for relief under § 2255(h).  Melot's Motion appears to be an attempt to circumvent the Tenth Circuit's denial of authorization and it would not serve the interests of justice to transfer this matter to them.  The Court also determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases and 28 U.S.C. § 2253(c)(2), that Melot has failed to make any substantial showing that he has been denied a constitutional right.  The Court will deny a certificate of appealability.

Last, Melot may not abuse the judicial process by filing unauthorized second or successive § 2255 motions in the guise of post-judgment procedural motions. Yet, despite being advised that his filings are improper, he continues to do so. "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (citations omitted) (per curiam). District courts have the inherent power to regulate filings of abusive litigants by imposing carefully tailored restrictions in appropriate

4

circumstances. *Andrews v. Heaton,* 483 F.3d 1070, 1077 (10th Cir.2007) (citing *Sieverding v. Colo. Bar Ass'n,* 469 F.3d 1340, 1343 (10th Cir.2006); *Tripati,* 878 F.2d at 352).

The court has the discretion to place reasonable restrictions on any litigant who submits non-meritorious filings or generally abuses the judicial process. *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may impose limitations or conditions on future filings. Restrictions on further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati,* 878 F.2d at 353-54; *Andrews,* 483 F.3d at 1077; *U.S. v. DeWilliams*, 612 Fed. App'x 489 (10th Cir. 2015). Melot has the right to notice and to oppose in writing the imposition of future restrictions. *See Tripati*, 878 F.2d at 354.

Based on the history of the underlying criminal action and his subsequent post-conviction submissions, as well as his filing of this proceeding in contravention of the Tenth Circuit's Order, the Court finds that Melot has a documented history of filing second and successive § 2255 motions without the mandatory authorization. This history demonstrates that the imposition of filing restrictions is warranted. Therefore, the court will order Melot to show cause within thirty (30) days of entry of this Memorandum Opinion and Order why he should not be prohibited from submitting any new filings in the United States District Court for the District of New Mexico challenging his criminal conviction or sentence in No. CR 09-02258 MCA without the representation of a licensed attorney admitted to practice in the United States District Court for the District of New Mexico or permission from the court to proceed *pro se.* In order to obtain permission to proceed *pro se,* Melot will be directed to take the following steps:

1. File with the clerk of this court a motion requesting leave to file a *pro se* proceeding challenging his conviction or sentence in No. CR 09-02258 MCA.

5

    2. Include in the motion requesting leave to file a *pro se* action challenging his conviction or sentence in No. CR 09-02258 MCA the following information:

        A. A copy of the Tenth Circuit authorization to file a second or successive § 2255 motion as required by 28 U.S.C. §§ 2244(3)(A) and 2255(h).

        B. A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of New Mexico. If so, he must cite the case number and docket number where the legal issues previously have been raised.

    3. Submit the proposed new pleading to be filed *pro se* challenging his criminal conviction or sentence in No. CR 09-02258 MCA.

Any motion requesting leave to file a *pro se* action challenging the criminal conviction or sentence in No. CR 09-02258 MCA and the proposed new pleading shall be submitted to the clerk of the court, who shall file and forward them for review to the sentencing judge, or another judge assigned to the case. If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed. If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance with the Federal Rules and the Local Rules of the United States District Court for the District of New Mexico. Any filing submitted by Melot that does not comply with these restrictions will be returned to Melot by the Clerk without filing or submission to the Court.

    **IT IS ORDERED** as follows:

    1. The Movant Bill Melot's Motion for Amended Judgment and Sentence/New Trial, Correction of Restitution (CV Doc. 1; CR Doc. 371) is **DISMISSED** for lack of jurisdiction;

    2. Under 28 U.S.C. § 2253(c)(2) and Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED;**

    3. Within thirty (30) days after entry of this Memorandum Opinion and Order the Movant, Bill Melot, **SHALL SHOW CAUSE** in writing why he should not be prohibited from making new filings challenging his criminal conviction or sentence in No. CR 09-02258 MCA

without the representation of a licensed attorney admitted to practice in the United States District Court for the District of New Mexico or permission of the court to proceed *pro se* obtained by completing the steps specified above.

                                                        _____
                                                  UNITED STATES DISTRICT JUDGE